GEORGE W. AND ELEANOR C. SCHULTZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schultz v. Commissioner
Docket No. 2121-75
United States Tax Court
T.C. Memo 1977-67; 1977 Tax Ct. Memo LEXIS 379; 36 T.C.M. (CCH) 286; T.C.M. (RIA) 770067; March 14, 1977, Filed George W. Schultz, pro se. William J. Salica, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in petitioners' Federal income tax for the taxable year 1971 in the amount of $10,294.35. Respondent has also determined that petitioners are liable for additions to tax in the amounts of $984.34, pursuant to section 6651(a)(1), [1] and $514.72, pursuant to section 6653(a). *380 There are three issues presented for our decision: (1) Whether petitioner George Schultz was the sole owner of a winning lottery ticket and therefore fully taxable on its proceeds; (2) Whether petitioners' underpayment of tax for the taxable year 1971, if any, was due to negligence or intentional disregard of rules and regulations; and (3) Whether petitioners have shown that failure to timely file their 1971 income tax return was due to reasonable cause and not due to willful neglect. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners George W. and Eleanor C. Schultz, husband and wife, resided in Wayne, New Jersey, at the time they filed the petition herein. Petitioners filed a joint Federal income tax return for 1971 with the office of the Internal Revenue Service at Philadelphia, Pennsylvania. During 1971, petitioner George W. Schultz (hereinafter petitioner) was an editor of local weekly newspapers in New Jersey. During the 1960's such newspaper businesses were conducted in both partnership form by Schultz & Schultz (hereinafter *381 S & S), doing business as Tri-County Publishing Company, and in corporate form by Argus Publishing Company (hereinafter Argus). Petitioner and his wife were equal partners in S & S and they owned 100 percent of the stock of Argue. Prior to 1971, S & S was dissolved and its operations were taken over by Argus, but Argus did not assume the liabilities of S & S. On May 20, 1971, petitioner purchased a New Jersey lottery ticket with money that he had in his pocket and petitioner kept the ticket either in his pocket or in his deak drawer in his office until the drawing. The owner of the ticket purchased by petitioner was declared to be a winner of the lottery and entitled to collect $50,000 from the State of New Jersey upon presentation of the winning ticket. On June 16, 1971, the winning lottery ticket, with a claim form for the proceeds, was presented for payment by petitioner, his wife, and his father-in-law, Robert Cusick (Cusick). The claim form was signed by the three claimants. On June 17, 1971, a check for $50,000 was issued by the State of New Jersey to the claimants. Such check was endorsed by the payees and cashed at the National Union Bank of Dover, New Jersey *382 (National Union Bank). Of the proceeds, $25,000 was deposited in a checking account at the National Union Bank in the names of petitioners and Cusick, but petitioner was the only person to ever draw on such account. Thereafter, in 1971, $1,000 of the $25,000 so deposited was withdrawn by petitioner and given to Cusick. The remainder of the funds deposited in such account was used for the benefit of Argus. Out of the $25,000 that was not so deposited, petitioner purchased two cashier's checks in the respective amounts of $10,000 and $15,000. On June 18, 1971, the $10,000 cashier's check was endorsed to the Internal Revenue Service to pay payroll tax liabilities of S & S. The $15,000 cashier's check was cashed by petitioner several months later and $10,000 of its proceeds were paid to the Internal Revenue Service to settle payroll tax liabilities of S & S, and the remaining $5,000 was used for the benefit of Argus. Neither petitioner nor Argus included any part of the lottery proceeds in their gross incomes for the taxable year 1971, but Cusick did include $1,000 of such proceeds in his 1971 return. In his statutory notice, respondent included $33,333.33 of the lottery *383 proceeds in petitioner's gross income and determined a deficiency in the amount of $10,294.35 with additions to tax in the amounts of $984.34 pursuant to section 6651(a)(1) and $514.72 pursuant to section 6653(a). In his amended answer, respondent included the remainder of the lottery proceeds (totaling $16,666.67) in petitioner's gross income for 1971, thereby increasing the amount of the deficiency to $18,494.50, and increasing the amounts of the additions to tax to $1,804.35, pursuant to section 6651(a)(1), and $924.73, pursuant to section 6653(a). Respondent has agreed, with respect to Cusick's related case (docket No. 2213-75), to enter an agreement or stipulated decision of overpayment for the amount of tax paid on $1,000 of the lottery proceeds, which Cusick included in his gross income for the taxable year 1971, as soon as the decision herein becomes final. OPINION In his statutory notice, respondent included $33,333.33 of the lottery proceeds in petitioner's gross income. Subsequently, respondent was granted leave to amend his answer to include the remainder of the lottery proceeds ($16,666.67). Since such amendment increased the amount of the deficiency, the burden *384 of proof as respects this additional income shifts to respondent. Rule 142(a), Tax Court Rules of Practice and Procedure. We hold that respondent has sustained his burden. Petitioner argues that the lottery proceeds are not properly includable in his gross income because he used such proceeds for the benefit of his corporation, Argus. Such argument is without merit. Income derived from property is taxable to the owner of the property, Lucas v. Earl,281 U.S. 111 (1930), and the subsequent use of such income is irrelevant. It is clear that petitioner was the sole owner of the lottery ticket at the time of the drawing. [2] Petitioner bought the lottery ticket with money that he had in his pocket and he retained possession and control of it until the drawing. Cusick had nothing to do with buying the ticket and did not even know about it until petitioner had won. Petitioner used part of the lottery proceeds to make a gift to his father-in-law *385 and to pay S & S tax liabilities, which had not been assumed by Argus. Such use is inconsistent with any contention that Argus was the owner of the lottery ticket. Moreover, while Argus had its own checking account and paid its bills through its own checking account, petitioner did not deposit any of the lottery proceeds in that account. Furthermore, Argus did not report the lottery proceeds as income on its 1971 tax return which was signed by petitioner in his capacity as its president. Accordingly, we hold that petitioner was the owner of the lottery ticket at the time of the drawing so that the entire lottery proceeds are includable in his gross income for the taxable year 1971. Respondent's determination that section 6653(a) [3] *387 applies because part of petitioner's underpayment of tax for 1971 was due to negligence or intentional disregard of rules and regulations is presumptively correct. James S. Reily,53 T.C. 8 (1969). Respondent's assertion of an increased deficiency in his amended answer does not shift the burden of proof although it does increase the amount of the addition to tax. The section 6653(a) issue was raised in respondent's statutory notice *386 and the facts which must be proven in order to impose the addition to tax under section 6653(a) are not changed in any way by the increase in deficiency. Such addition to tax applies whenever part, not all, of the underpayment is due to negligence or intentional disregard of rules and regulations. Angelo J. Bianchi,66 T.C. 324 (1976). Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
2. Since petitioner and his wife filed a joint return, respondent would also prevail if petitioner's wife were the sole owner, or a joint owner with petitioner, but the record contains no evidence to support such a finding.↩
3. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. * * *
(c) Definition of Underpayment.--For purposes of this section, the term "underpayment" means-- (1) Income, estate, gift, and certain excise taxes.-- In the case of a tax to which section 6211 (relating to income, estate, gift, and certain excise taxes) is applicable, a deficiency as defined in that section (except that, for this purpose, the tax shown on a return referred to in section 6211(a)(1)(A) shall be taken into account only if such return was filed on or before the last day prescribed for the filing of such return, determined with regard to any extension of time for such filing) * * * Petitioner has not met his burden of proving that no part of the underpayment was due to negligence or intentional disregard of rules and regulations. The lottery proceeds should have been included in petitioner's gross income for 1971, and, in light of the fact that petitioner as president of Argus knew that the lottery proceeds were not being included in its gross income, he has failed to assert any reasonable ground for failing to include such proceeds in his own gross income for 1971. Accordingly, we hold that the section 6653(a) addition to tax is applicable because part of petitioner's underpayment of tax was due to negligence. As in the case of the section 6653(a) issue, petitioner has the burden of proving that the section 6651(a)(1) SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;
[4]↩ addition to tax is inapplicable because his failure to timely file was due to reasonable cause. Respondent asserted the section 6651(a)(1) addition to tax in his statutory notice and the issue of petitioner's liability for such addition to tax was not broadened at all by respondent's asserting an increased deficiency in his amended answer. Therefore, since petitioner has introduced no evidence of a reasonable cause for his failure to timely file his 1971 return, we hold that petitioner is liable for an addition to tax pursuant to section 6651(a)(1).